United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOPRO HONG KONG LTD.,

    Plaintiff,

    v.

2B TRADING, INC., et al.,

    Defendants.

Case No. 16-cv-05113-JD

**ORDER RE MOTION TO DISMISS**

On September 6, 2016, plaintiff GoPro Hong Kong Ltd. ("GoPro") filed a petition to enforce a foreign arbitration judgment against defendants 2B Trading, Inc. and United World Brands. Dkt. No. 1. On September 30, 2016, 2B Trading filed a motion to dismiss the petition based on the first-to-file rule of federal comity. Dkt. Nos. 12, 13. 2B Trading asserts that because it filed a petition to vacate the arbitration award in Miami-Dade County, Florida before GoPro filed its petition, the Court should dismiss the duplicative action. *Id.* at 6-8. The motion is denied.

## BACKGROUND

GoPro is a Hong Kong organization that distributes action sports cameras and accessories. Dkt. No. 1 ¶ 1. 2B Trading is a Florida corporation that distributes action sports equipment and United World Brands is a Colombian corporation that imports and markets extreme sports products; they are under common management. *Id.* ¶¶ 2-4. In 2012, the parties entered into a two-year international distribution agreement in which defendants would distribute GoPro products in Colombia. *Id.* ¶¶ 8-9. In 2013, GoPro terminated the agreement when it found out that defendants were allegedly selling their products on the "gray" market. Dkt. No. 18 at 1-3. In 2014, 2B Trading brought a breach of contract action against GoPro in Florida state court in

response, but it was dismissed with prejudice in light of the agreement's arbitration clause. *Id.* at 1-2.

Following the dismissal, 2B Trading submitted a request for arbitration to the International Court of Arbitration ("ICC") on January 12, 2015. *Id.* at 2. GoPro sought joinder of United World Brands, which was not opposed. *Id.* The arbitration proceeded according to ICC rules and culminated with a four-day hearing in San Francisco in March 2016. *Id.* The arbitrator found in favor of GoPro, awarding $745,172.74 plus fees, costs, and post-judgment interest. *Id.* at 3. After asking for the status of compliance with this award, counsel for defendants told GoPro on June 10, 2016 that they are "judgment proof. No payment will be made." *Id.* On September 2, 2016, 2B Trading e-filed a "Petition to Vacate Arbitration Award" in the closed 2014 action in Miami-Dade state court. *Id.* at 4. On September 6, 2016, GoPro filed the petition to affirm judgment against defendants in this Court. Dkt. No. 1.

**DISCUSSION**

Before getting into the substance of the motion, the Court notes that 2B Trading filed a reply brief 15 days late and after the Court advised the parties that it found the matter appropriate for resolution without oral argument. Dkt. No. 26. That is far too late to file a reply, and 2B Trading offered an insufficient explanation for this untoward delay. The Court on its own discretion declines to consider the reply. *See Airbnb, Inc. v. City and County of San Francisco*, No. 3:16-cv-03615-JD, 2016 WL 6599821, at *5 (N.D. Cal. Nov. 8, 2016). GoPro's motion to strike is denied as moot. Dkt. No. 26.

2B Trading contends that because the petition to vacate the arbitration award was first filed in Miami-Dade County, Florida state court -- four days before GoPro filed the petition to confirm the arbitration award -- the Court should dismiss the second filed action here. Dkt. No. 13 at 7. This is a misunderstanding of the first-to-file doctrine. Under that rule, a court may dismiss an action when a similar complaint has already been filed in another *federal court*. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991) (emphasis added). There is not another federal court at issue here. Rather, between state and federal courts, "the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the

2

Federal court having jurisdiction." *Colorado River Water Cons. Dist. v. U.S.*, 424 U.S. 800, 817 (1976) (internal quotation omitted).  Dismissal of a federal action in favor of the state forum is reserved only for "exceptional circumstances" and after carefully weighing complex factors. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13-19 (1983).

If there is a parallel state action, the court must consider (1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal form; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; (7) whether exercising jurisdiction would promote forum shopping. *See Holder v. Holder*, 305 F.3d 854, 867, 870 (9th Cir. 2002).  The Ninth Circuit cautions that a federal action should not be dismissed where there is "substantial doubt" whether the state court action will be an "adequate vehicle for the complete and prompt resolution of the issues between the parties." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (internal quotation omitted).

As a preliminary matter, it is unclear whether the Florida action is actually "pending."  But because courts must "generally rely on the state of affairs at the time of the *Colorado River* analysis," the e-filed state court petition will be considered. *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 982 (9th Cir. 2011).  As plaintiff points out, 2B Trading first filed a petition to vacate the arbitration award in a case that was previously dismissed with prejudice. Dkt. No. 18 at 5, Exh. B.  It is unclear if or whether the action will be reopened and whether United World Brands will join, but the Florida state court does have discretion to proceed with the parallel petition. *See id.*; Dkt. No. 12, Exh. A.

The other relevant *Colorado River* factors cut against dismissal and demonstrate the absence of exceptional circumstances.  As a "major consideration," there is a clear presence of federal-law issues related to foreign arbitration. *See Moses H. Cone*, 460 U.S. at 25.  This Court will not be an inconvenient forum because the parties have already enjoyed a multi-day arbitration in San Francisco and witnesses' testimony will almost certainly not be required here.  There is no risk of piecemeal litigation or risk of inconsistent disposition of property.  The state court action

1  does not yet include United World Brands as a party, and neither court has addressed the motion
2  to vacate or motion to confirm.  *See Merrill Lynch, Pierce, Fenner & Smith v. Moore, Inc.*, 171
3  Fed. Appx. 545, 546 (9th Cir. 2006).

4  Consequently, the motion to dismiss is denied.

5  **IT IS SO ORDERED.**

6  Dated: November 14, 2016

_____

JAMES DONATO
United States District Judge