1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6

7    GOPRO HONG KONG LTD.,                    Case No. 16-cv-05113-JD

8              Petitioner,
                                             **ORDER RE MOTIONS TO SEAL**
9         v.
                                             Re: Dkt. Nos. 17, 19, 28
10   2B TRADING, INC. and UNITED WORLD
     BRANDS,
11
               Respondents.
12

13        On September 6, 2016, Petitioner GoPro Hong Kong Ltd. filed a petition to confirm a

14   Final Arbitration Award and for entry of judgment against respondents 2B Trading, Inc. and

15   United World Brands.  Dkt. No. 1.  The Court confirmed the final award and entered judgment

16   against 2B Trading and United World Brands on December 9, 2016 and January 31, 2017,

17   respectively.  Dkt. Nos. 42, 43, 53, 54.  In the course of this litigation, GoPro filed three

18   administrative motions to seal portions of its Final Arbitration Award, International Distribution

19   Agreement and First Amendment to the International Distribution Agreement, and the Petition to

20   Vacate the Arbitration Award filed by 2B Trading in Florida state court, under Civil Local Rule

21   79-5.  Dkt. Nos. 17, 19, 28.  The Court grants the requests in their entirety.

22   **I.     STANDARDS**

23        In our circuit, a party seeking to seal documents filed in connection with a dispositive

24   motion must establish "compelling reasons" to overcome a historically "strong presumption of

25   access to judicial records."  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79

26   (9th Cir. 2006) (internal quotations omitted).  This standard presents a "high threshold," and "a

27   'good cause' showing will not, without more, satisfy" it.  *Id*. at 1180 (citations omitted).  To meet

28   the "compelling reasons" standard, a party seeking to seal material must show specific,

*United States District Court*
*Northern District of California*

individualized reasons for the sealing, "'without relying on hypothesis or conjecture,'" such as

"'whether disclosure of the material could result in improper use of the material for scandalous or

libelous purposes or infringement upon trade secrets.'"  *See Pintos v. Pacific Creditors Ass'n*, 605

F.3d 665, 679, 679 n.6 (9th Cir. 2009) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th

Cir. 1995)).  The Ninth Circuit has found the compelling reasons standard met by "pricing terms,

royalty rates, and guaranteed minimum payment terms" in a license agreement, as these are trade

secrets used in the party's business, conferring an opportunity to obtain advantage over

competitors who do not know or use them.  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir.

2008).  However, "[s]imply mentioning a general category of privilege, without any further

elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*,

447 F.3d at 1184.  Although GoPro's motion to seal portions of the Final Award was initially filed

in connection with an opposition to 2B Trading's motion to dismiss, the Final Award was used in

dispositive motions.  Dkt. Nos. 17, 19, 20, 49.  The motion to seal the Petition to Vacate the

Arbitration Award, while filed in connection with a motion to strike, similarly seeks to seal

language from the Final Award.  Dkt. Nos. 27, 28.  The International Distribution Agreement and

First Amendment were filed with motions to confirm the Final Award.  Dkt. Nos. 19, 20, 49.

Consequently, GoPro does not dispute that the "compelling reasons" standard applies.

Under Civil Local Rule 79-5(b), a sealing request must also "be narrowly tailored to seek

sealing only of sealable material," and "establish[ ] that the document, or portions thereof, are

privileged, protectable as a trade secret or otherwise entitled to protection under the law."  When

ordering sealing, the district court must "articulate the rationale underlying its decision to seal."

*Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

## II.    DETERMINATIONS

This table summarizes GoPro's administrative motions to seal:

| Motion (Dkt. No.) | Documents Sought to be Sealed | Declarations in Support (Dkt. No.) |
|---|---|---|
| 17 | **The Final Award**<br>Exhibit A to the Declaration Of Melissa J. Baily In Support Of GoPro's Opposition To Respondents' Motion To Dismiss (Dkt. No. 18-2) | 17-1, 17-2 |

*United States District Court*
*Northern District of California*

2

| Motion (Dkt. No.) | Documents Sought to be Sealed | Declarations in Support (Dkt. No.) |
|---|---|---|
| 19 | **International Distribution Agreement and First Amendment** <br> Exhibit A to the Declaration Of Melissa J. Baily In Support Of GoPro's Motion To Confirm Final Award (Dkt. No. 20-2) | 19-1, 19-2 |
|  | **The Final Award** <br> Exhibit B to the Declaration Of Melissa J. Baily In Support Of GoPro's Motion to Confirm Final Award (Dkt. No. 20-3) | 17-1, 17-2 |
| 28 | **Petition To Vacate Arbitration Award** <br> Exhibit C to the Declaration Of Melissa J. Baily In Support Of GoPro's Motion To Strike (the petition quotes the Final Award that is the subject of Dkt. No. 117) (Dkt. No. 27-4) | 17-1, 17-2 |

Overall, the motions to seal seek to protect confidential business information related to

GoPro's distribution channels and practices.  Outside of this litigation, GoPro requires its

distributors to keep all terms of their distributorship agreements with GoPro confidential.  Dkt.

No. 17-1 (Walker Decl.) ¶ 4.  Nonetheless, GoPro carefully followed the local rules to ensure each

request was narrowly tailored.  The Court grants each motion in its entirety.

| Dkt. No. (to be sealed) | Reason For Request To File Under Seal | Ruling |
|---|---|---|
| 18-2 | **The Final Award:** portions of paragraphs 144-148, 151, and 180 and footnotes 24, 25, and 32. <br><br> The information in these paragraphs and footnotes relates to GoPro, Inc.'s "secret shopper program," customer registration data, distributor supply levels, and other details relevant to brand protection and channel governance.  Certain portions of these paragraphs (mostly unit numbers, dollar figures, and percentages) must be kept confidential in order for GoPro, Inc. to effectively administer its brand protection and channel governance programs and protocols. | **Granted**. The number of unauthorized sales and the geographic distributions of registrations that GoPro considers indicative of gray marketing constitute trade secret details. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569. The request is narrowly tailored to seal only phrases and specific numbers of the 75-page Final Award. |
| 18-2 | **The Final Award:** portions of paragraphs 68(c)-(e), 94, 98, and 163 and footnotes 15 and 16. <br><br> The information in these paragraphs and footnotes relates to certain terms of a contract negotiated between GoPro Hong Kong Ltd. and its former distributors for Colombia.  GoPro actively protects the confidentiality of the terms of its distributorship agreements (including by requiring its distributors to keep those terms confidential), and those terms must | **Granted**. The sealed portions represent sensitive distribution agreement terms, including minimum purchase requirements, minimum volume targets, pricing and payment terms, reporting requirements, marketing expenditure requirements, and liability exclusions. *See Ovonic Battery* |

3

United States District Court
Northern District of California

| Dkt. No. (to be sealed) | Reason For Request To File Under Seal | Ruling |
|---|---|---|
| | be kept confidential in order for the GoPro entities to effectively administer their distribution network. | *Co. v. Sanyo Electric Co., Ltd.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. Jun. 17, 2014). The request is narrowly tailored to specific terms that would place GoPro at a competitive disadvantage if made public. |
| 20-2 | **International Distribution Agreement:** portions of paragraphs 1, 3(a)-(d), 4(a)-(b), 5, 6(b), 6(d), 6(e), 7(a)-(c), 9(a)-(b), 10(b)-(d), 11(a), 11(b), 11(d), 12, 13, and Exhibit B.<br><br>**First Amendment To International Distribution Agreement:** portions of paragraphs 2, 3, 5, and 6 and Exhibit B<br><br>The GoPro entities actively protect the confidentiality of all of the terms of distributorship agreements (including by requiring distributors to keep those terms confidential). The disclosure of the subset of terms enumerated here would affect the ability of the GoPro entities to effectively administer their distribution network and would place those entities at a competitive disadvantage in negotiating with distributors and customers going forward. | **Granted.** The request is narrowly tailored to include only sensitive, confidential business information including pricing, forecasts, distributor obligations, marketing expenditures, termination and post-termination rights and obligations, and liability. *See Ovonic Battery Co.*, 2014 WL 2758756, at *4. |
| 20-3 | **The Final Award:** Exhibit B to the Declaration Of Melissa J. Baily In Support Of GoPro's Motion to Confirm Final Award<br>*Same as Final Award in Dkt. No. 18-2* | **Granted** for the reasons in Dkt. No. 18-2 above. |
| 27-4 | **Petition To Vacate Arbitration Award:** The portions of page 17, quoting paragraph 180 of the Final Award.<br>*Same as Final Award in Dkt. No. 18-2* | **Granted** for the reasons in Dkt. No. 18-2 above. |

   **IT IS SO ORDERED.**

Dated:  February 27, 2017

_____
JAMES DONATO
United States District Judge